UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUGET SOUND ELECTRICAL WORKERS HEALTHCARE TRUST et al,<br><br>                    Plaintiffs,<br>        v.<br><br>CHAU ELECTRIC LLC,<br><br>                    Defendant. | CASE NO. 2:22-cv-01190-TL<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiffs' motion for default judgment. Dkt. No. 14. Having reviewed the Motion and the relevant record, the Court GRANTS the Motion.

I.     BACKGROUND

Plaintiffs are Taft-Hartley trust funds created to provide various benefits to eligible employees. Dkt. No. 1 ¶¶ 1.1–1.5 (complaint). They allege that Defendant Chau Electric LLC assented to the City of Seattle Community Workforce Agreement ("Agreement"), which required Chau to pay monthly fringe benefits for each of its covered employees. *Id.* ¶¶ 3.1–3.3, 3.5. Chau agreed to provide monthly reports and contributions by the 15th day of each month, and to pay

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 1

liquidated damages, interest, attorney's fees, and costs of collection for any delinquency. *Id.* ¶¶ 3.6–3.10. Specifically, Chau agreed to pay liquidated damages of 20% on any delinquent contributions if Plaintiffs had to file suit. *Id.* ¶¶ 3.7–3.10. And Chau agreed to pay accrued interest on all delinquencies of 12% per annum. *Id.* Chau has failed to timely report and pay fringe benefit contributions for the period October 1, 2021, through January 2022, March through April 2022, and June through October 2022. Dkt. No. 15 ¶¶ 10–23. And Chau has not paid liquidated damages. *Id.* ¶ 25.

Plaintiffs filed suit, pursuing one claim under ERISA and one claim for breach of contract. Dkt. No. 1 ¶¶ 4.1–4.6. After being properly served, Chau failed to appear and Plaintiffs moved for and obtained an order of default. *See* Dkt. Nos. 9, 10, 12. Plaintiffs now request entry of default judgment. Dkt. No. 14. Plaintiffs provide evidentiary support for their claim that Chau owes $36,573.37 in fringe benefit contributions for October 2022. Dkt. No. 14 at 4; Dkt. No. 15 at 182–95. Plaintiffs also provide evidence that as of November 29, 2022, Chau owed $35,291.07 in liquidated damages and $1,404.61 in accrued prejudgment interest for the months of October 2021 through October 2022. *Id.* And Plaintiffs have requested $5,733.00 in attorney's fees and $706.00 in legal costs. Dkt. No. 14 at 8. The Court notes that although Plaintiffs' counsel has submitted a declaration identifying $11,384.80 in attorney's fees incurred, Plaintiffs are asking for only $5,733.00 to remove some hours incurred pre-litigation and "to keep the request reasonable under the circumstances." Dkt. No. 16 at 3, 38–41.

## II. LEGAL STANDARD

A court's decision to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgment is "ordinarily disfavored," because courts prefer to decide "cases on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d

1470, 1472 (9th Cir. 1986). When considering whether to exercise discretion in entering default judgments, courts may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure.

*Id.* at 1471–72. Courts reviewing motions for default judgment must accept the allegations in the complaint as true, except facts related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

### III.   DISCUSSION

As an initial matter, the Court finds that it has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. The Court also finds that venue is proper under 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b) because Plaintiffs are administered in this District.

Considering the *Eitel* factors, the Court finds that entry of default judgment is proper. First, the Court finds that Plaintiffs and the covered employees would be prejudiced absent an order of default judgment for the amounts due to the Plaintiff trusts for various bargained-for benefits. Second, taking the allegations in Plaintiffs' complaint as true and considering the supporting materials, Plaintiffs have sufficiently pled meritorious claims for delinquent contributions. Third, there is no evidence to suggest the default was due to excusable neglect, as Chau was properly served with notice of this action but failed to defend this action altogether. Fourth, the Court finds no evidence that there are likely disputes of fact. The *Eitel* factors thus favor entry of default judgment, notwithstanding the strong policy under the Federal Rules of Civil Procedure that claims be resolved through contested litigation.

The Court finds that Plaintiffs have submitted sufficient evidence that the delinquent contributions total $36,695.68, which excludes an overpayment. *See* Dkt. No. 15 at 7, 182–95. The Court has separately reviewed the liquidated damages and interest calculations and concurs with the following as of November 29, 2022: (1) $35,291.07 in liquidated damages; and (2) prejudgment interest of $1,404.61. *See id.* The Court also finds that post-judgment interest shall accrue at 12% per annum from the date of entry of judgment. Dkt. No. 1 ¶¶ 3.7–3.10. But because the prejudgment interest was calculated only through November 2022, the Court requests that Plaintiffs submit a revised prejudgment interest calculation within ten days of entry of this Order so that the final judgment entered reflects an accurate prejudgment interest calculation. Once the Court receives and reviews that calculation, it will direct entry of a separate judgment reflecting the revised amount of prejudgment interest.

Plaintiffs are also entitled to attorneys' fees under the relevant criteria outlined in *Kerr v. Screen Extras Guild, Inc.*:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). Plaintiffs have supported each of these factors in the declaration of counsel (Dkt. No. 16), and the Court finds this evidence persuasive. Plaintiffs have provided a sufficiently precise accounting of their attorney's fees and costs to justify the request of $5,733.00 in attorney's fees and $706.00 in costs. These appear reasonable in light of the

experience and skill of counsel, the rates requested and hours expended, and the efforts and results achieved. The Court also notes that counsel's reduction in the amount requested relative to the hours incurred helps confirm the reasonableness of the award. *See* Dkt. No. 16 at 3, 38–41.

### IV.   CONCLUSION

The Court finds that Plaintiffs are entitled to entry of default judgment in their favor on the amounts requested and GRANTS the Motion (Dkt. No. 14).

Given the passage of time since Plaintiffs moved for default judgment and its entry, the Court ORDERS Plaintiffs file an updated prejudgment interest calculation within **ten (10) days** of entry of this Order. The Court will then review the calculations and direct entry of judgment in the appropriate amounts as reflected in this Order and based on its review of any newly calculated prejudgment interest.

Dated this 22nd day of March 2023.

Tana Lin
United States District Judge